UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEFFREY JOHNSON,

                Plaintiff,

   -against-

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------X

**NOT FOR PUBLICATION**

MEMORANDUM & ORDER
CV-05-2006 (NGG)

GARAUFIS, District Judge.

Jeffrey Johnson ("Plaintiff") has brought this action pro se pursuant to 42 U.S.C. § 405(g), as amended, 42 U.S.C. § 1383(c)(3), to challenge the determination by the Commissioner of Social Security, Jo Anne B. Barnhart ("Commissioner"), denying his application for Supplemental Security Income ("SSI"). The Plaintiff maintains that he is disabled because of depression and conditions stemming from a leg injury. The Commissioner, in response to the Plaintiff's complaint, moved for remand of the case for further proceedings and development of the record. The Commissioner's motion was filed on February 21, 2006. To date, five months later, there has been no reply from the Plaintiff. The court, therefore, deems this an unopposed motion for remand. For the reasons set forth below, the Commissioner's motion is GRANTED.

**I. BACKGROUND**

Plaintiff applied for SSI on June 21, 2002, claiming he became disabled on March 7, 1999. (Tr. 56-58).[1] Plaintiff's application was denied (Tr. 18-21), at which point he requested a

---

[1] "Tr." refers to the numbered pages of the transcript of the Administrative Record filed with the court by the Commissioner.

hearing before an Administrative Law Judge ("ALJ"). (Tr. 22). Plaintiff's hearing was held on September 2, 2004 before ALJ Michael Gewirtz. (Tr. 438-81). On September 15, 2004, ALJ Gewirtz issued a decision in Plaintiff's case finding the Plaintiff was not disabled because he could perform some sedentary work. (Tr. 8-18). Timely commencement of this suit ensued.

The court has reviewed the administrative record submitted in connection with this case, including the relevant medical and non-medical evidence. Because I find that remand is appropriate for further development of the record, it is not necessary to summarize the record in this decision.

## II.	DISCUSSION

### A.	*Standard of Review*

The role of a district court in reviewing the Commissioner's final decision is limited. The court determines only whether the Commissioner's conclusions "'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)); see also 42 U.S.C. § 405(g). If supported by "substantial evidence," the findings of the Commissioner as to any fact shall be conclusive. Richardson v. Perales, 402 U.S. 389, 390 (1971). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401 (internal citations omitted). "It is the function of the [Commissioner], not [the reviewing courts] to resolve evidentiary conflicts and to appraise the credibility of witnesses . . . ." Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (internal citation and quotation marks omitted).

Where the correct legal standards have not been applied, a case should be remanded for further proceedings even if there is substantial evidence to support the finding that a claimant is not disabled. See Schaal, 134 F.3d at 504. The Second Circuit has explained:

> Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles. Where application of the correct legal standard could lead to only one conclusion, we need not remand.

Id. (internal quotation omitted). A remand for further proceedings is authorized by the fourth sentence of 42 U.S.C. § 405(g) in cases where the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the laws and regulations. Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999); see also Melkonyan v. Sullivan, 501 U.S. 89 (1991).

### B. *Decision of the ALJ*

To receive benefits, a claimant must be "disabled" within the meaning of the Social Security Act. Shaw v. Chater, 221 F. 3d 126, 131 (2d Cir. 2000). The Commissioner must utilize a five-step sequential analysis to determine whether an individual is entitled to disability benefits:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the

> Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.

20 C.F.R. § 404.1520; Shaw, 221 F.3d at 132 (citing DeChirico v. Callahan, 134 F.3d 1177, 1179-80 (2d Cir. 1998)).

Where the claimant claims only exertional impairment(s), the Commissioner may meet its burden of proof on the final step by showing that a claimant can perform other work that exists in the national economy through the use of the Social Security Administration's ("SSA") Medical-Vocational guidelines tables ("the grids"). The grids "provide predeterminations of disability or non-disability for individual cases based on various combinations of residual functional capacity, age, education and work skill." Davis v. Shalala, 883 F. Supp. 828, 832 (E.D.N.Y. 1995). However, if the claimant has "significant nonexertional impairments that limit the range of sedentary work that the claimant can perform," the grids may be used as a framework, but the Commissioner must also introduce the testimony of a vocational expert or similar evidence showing that positions exist in the economy that the claimant can obtain and perform. Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999) (quoting Bapp v. Bowen, 802 F.2d 601, 667 (2d Cir. 1986)).

### C. *Inadequate Development of The Record*

The ALJ concluded that Plaintiff has degenerative joint disease of the right knee,

degenerative disc disease of the lumbar spine, substance abuse and an adjustment disorder with disturbance of conduct and anti-social personality traits that constitute severe impairments. (Tr. 17). However, the ALJ found that these severe impairments did not limit the Plaintiff from performing sedentary work. (Id.). ALJ Gewirtz wrote:

> Based on the medical evidence of record, I find that the claimant retains the ability to lift/carry up to 10 pounds, he can stand and/or walk for 2 hours during an 8 hour workday and he can sit for 6 hours during the course of an 8 hour workday. The claimant also has some nonexertional limitations . . . . He also has psychiatric limitations and can have only limited interaction with coworkers and supervisors and no interaction with the general public. The record shows that the claimant has mild limitations on his activities of daily living, moderate limitations on his ability to socially interact and mild limitations on his concentration, persistence and pace. Therefore, the claimant has a residual functional capacity to perform a wide range of sedentary work. (20 C.F.R. 416.967).

(Tr. 16).

The Commissioner seeks remand in this case because the ALJ failed to adequately develop the record as to Plaintiff's treatment for his nonexertional impairments. (Def. Mem. Supp. Mot., at 16). Specifically, Plaintiff testified at the September 2, 2004 hearing that he had seen two psychiatrists for six months, and that before that he had seen two other psychiatrists. (Tr. 454-55). However, the record contains mental health treatment notes only up until early 2003. The court agrees that the ALJ failed to adequately develop the record regarding Plaintiff's nonexertional impairments.

"When there are gaps in the administrative record . . . [courts] have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (quoting Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)) (alteration in original). "In fact, where there are deficiencies in the record, an ALJ is

5

under an affirmative obligation to develop a claimant's medical history . . . ." Rosa, 188 F.3d at 79. Where, as here, further development of the record could support the Commissioner's determination, remand for further proceedings is the appropriate remedy. Id. at 82. The record, therefore, has not been fully developed, and the proper remedy is remand for further proceedings. See Rosa, 168 F. 3d at 83.

### III. CONCLUSION

For all of the reasons stated herein, the Commissioner's unopposed motion for remand is GRANTED. This case is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).


SO ORDERED.


Dated: July 21, 2006          /s/ Nicholas G. Garaufis
    Brooklyn, N.Y.          Nicholas G. Garaufis
                  United States District Judge